[No. H010218. Sixth Dist. June 24, 1993.]

In re the Marriage of MARY and GAVIN KING.
MARY KING, Appellant, v.
GAVIN KING, Respondent.

**COUNSEL**

Green & Evans and Robert W. Evans for Appellant.

John P. Hayes for Respondent.

**OPINION**

**PREMO, Acting P. J.**—Mary King (now O'Malley) (hereafter, Wife) sought an order determining spousal and child support arrears allegedly due from Gavin King (hereafter, Husband) at various times over a 10-year period (1982-1992). She appeals from the order only insofar as the trial court denied recovery of three child support payments totalling $2,543.75 that were due in June, July, and August 1982. The trial court reasoned: "He's excused from the payments prior to September 1982 because he truly did not know where [Wife] and the children were and is excused from making those payments for that reason." We reverse the order because a noncustodial parent's ignorance of the whereabouts of his children is not a defense to the obligation to pay child support arrears even where the ignorance stems from the custodial parent's concealment of the children.

### BACKGROUND

In June 1982, the parties signed a stipulated interlocutory decree giving Wife custody of the couple's three children and Husband reasonable visitation. Wife and the children then moved to England. According to the evidence credited by the trial court, Husband knew that his family had gone to England, but was ignorant of the specific whereabouts. Wife and the children returned to Santa Clara County in September 1982, and the parties attempted a reconciliation of the marriage.

## DISCUSSION

■ There is no authority allowing a defense to the obligation to pay child support arrears on the mere basis that the noncustodial parent had no knowledge of his family's whereabouts.

"Older cases recognized that a custodial parent could be estopped from collecting child support [arrears] from the noncustodial parent upon a sufficient showing the custodial parent interfered with the noncustodial parent's visitation rights." (*In re Marriage of Tibbett* (1990) 218 Cal.App.3d 1249, 1251 [267 Cal.Rptr. 642].)

Here, since Wife left the country with the children and took up residence at a place unknown to Husband, she arguably interfered with Husband's visitation rights by concealing the children's residence.

In *Moffat* v. *Moffat* (1980) 27 Cal.3d 645 [165 Cal.Rptr. 877, 612 P.2d 967], the court addressed the Revised Uniform Reciprocal Enforcement of Support Act of 1968 and interpreted Code of Civil Procedure section 1694 (the enforcement of a child support obligation "is unaffected by any interference" with court-granted visitation rights) as clarifying that the act provides "no forum for litigating disputes over interference with custody and visitation rights." (27 Cal.3d at pp. 651-652.) The court emphasized that "the child's need for sustenance must be the paramount consideration" (*id.* at p. 651) and a noncustodial parent whose rights are being frustrated has remedies other than to withhold child support, such as seeking sanctions under the custody order which can include termination of child support (*id.* at p. 652).

As part of the Family Law Act, the Legislature enacted Civil Code section 4382, effective January 1, 1981, to "further clarify that visitation and child support are separate rights with separate remedies." (*In re Marriage of Tibbett, supra*, 218 Cal.App.3d at p. 1253.) This statute states: "The existence or enforcement of a duty of support owed by a noncustodial parent for the support of a minor child shall not be affected by a failure or refusal by the custodial parent to implement any rights as to custody or visitation granted by a court to the noncustodial parent." (Civ. Code, § 4382.)

"In *Solberg* v. *Wenker* (1985) 163 Cal.App.3d 475 [209 Cal.Rptr. 545], the appellate court attempted to reconcile the two lines of cases—those that postdated the statutes and those that predated them. [Citation.] The *Solberg* court distinguished between mere interference, which the statutes provide does not constitute the basis of estoppel, and concealment, which was found

to be outside the meaning of the statutes and which thus allowed estoppel as an equitable defense to child support [arrears]." (*In re Marriage of Tibbett, supra*, 218 Cal.App.3d at p. 1253.) This distinction was again recognized in the case of *In re Marriage of Damico* (1993) 15 Cal.App.4th 263 [19 Cal.Rptr.2d 88], review granted August 19, 1993, (S033148), in which the court equated concealment with deliberate sabotage of visitation rights and held: "[W]e find nothing in the language of the statutes which expressly prohibits an estoppel defense to an action for collection of child support [arrears] based upon active concealment of the child. Had the Legislature intended to grant an exemption from equitable defenses to conduct which so subverts the parent-child relationship, we believe the terms 'interference' with and 'refusal . . . to implement' visitation rights would have been replaced with much more encompassing language." (*Id.* at p. 268.)

We disagree with the reasoning of the *Solberg-Damico* line of cases.

First, Civil Code section 4382 is not ambiguous.[1] The statute directs that enforcement of child support "shall not be affected by a failure or refusal . . . to implement . . . custody or visitation [rights] . . . ." There can be no doubt that child concealment is encompassed within the broad concept of a failure or refusal to implement custody or visitation rights. (Civ. Code, § 3536 ["The greater contains the less."].) That child concealment could be called deliberate sabotage of visitation rights does not alter this fact. At most, child concealment is an aggravated form rather than a concept outside the definition of failure or refusal to implement. In short, the Legislature's statement of the law is clear and unconditional. It does not except aggravated forms of failures or refusals to implement custody or visitation rights from its directive. (*In re Marriage of Tibbett; supra*, 218 Cal.App.3d at p. 1254.)

Second, "*Solberg* relies on suspect authority—cases that predate [Civil Code section 4382] as well as cases that do not discuss th[is] relevant authorit[y]." (*In re Marriage of Tibbett, supra*, 218 Cal.App.3d at p. 1253.)

"The Supreme Court has held that the Legislature intended to separate support and visitation rights—that a custodial parent's misconduct cannot estop that parent from asserting a child's support rights. [Citation.] Regardless of whether the custodial parent actually conceals the children from the noncustodial parent or merely interferes with their visitation, these authorities apply with equal force. While we do not condone any custodial parent's deprivation of the visitation rights of a noncustodial parent, we find that concealment does not constitute a defense to [a proceeding to determine

---

[1]Code of Civil Procedure section 1694, as one of the provisions of the Revised Uniform Reciprocal Enforcement of Support Act of 1968, is not directly applicable to this case.

child support arrears]." (*In re Marriage of Tibbett, supra,* 218 Cal.App.3d at p. 1254.)

## DISPOSITION

The order regarding arrears is reversed. The trial court shall enter a new order providing for an additional amount due of $2,543.75, plus interest calculated in the same manner as the interest was calculated for the amount previously found owing. Appellant is awarded costs on appeal.

Elia, J., and Mihara, J., concurred.